**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Medley LLC, [1]<br><br>Debtor. | Chapter 11<br><br>Case No. 21-10526 (    ) |

**APPLICATION FOR ENTRY OF AN ORDER APPOINTING
KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND
NOTICING AGENT EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Retention Order") pursuant to section 156(c) of title 28 of the United States Code and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), appointing Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent ("Claims Agent") in the Debtor's chapter 11 case (the "Section 156(c) Application") effective *nunc pro tunc* to the Petition Date (as defined below). In support of the Application, the Debtor relies upon and incorporates by reference the *Declaration of Evan Gershbein in Support of the Debtor's Application for Entry of an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent Effective Nunc Pro Tunc to the Petition Date* (the "Gershbein Declaration"), attached hereto as **Exhibit B**, and further respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C.

---

[1] The last four digits of the Debtor's taxpayer identification number are 7343. The Debtor's principal executive office is located at 280 Park Avenue, 6th Floor East, New York, New York 10017.

12714951/2

§ 157(b)(2).

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory basis for the relief requested herein are section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2002-1(l) and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Court's Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c) (the "Claims Agent Protocol"), instituted by the Office of the Clerk of the Bankruptcy Court for the District of Delaware (the "Clerk") on February 1, 2012.

4.  Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court lacks Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

5.  On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is operating its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee, examiner, or committee has been requested or appointed in the Chapter 11 Case.

6.  Additional background facts concerning the Debtor and the commencement of the Chapter 11 Case are provided in the *Declaration of Richard T. Allorto, Jr. in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith.

## RELIEF REQUESTED

7.  This Section 156(c) Application is made pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002(f), and Local Rules 2002-1(l) and 9013-

1(m) for an order appointing KCC to act as the Claims Agent in order to assume full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim, solicitation, and balloting in the Chapter 11 Case. The Debtor's selection of KCC to act as the Claims Agent has satisfied the Claims Agent Protocol, in that the Debtor has obtained and reviewed engagement proposals from at least two (2) other court-approved claims and noticing agents to ensure, selection through a competitive process. Moreover, the Debtor submits, based on all engagement proposals obtained and reviewed, that KCC's rates are competitive and reasonable given KCC's quality of services and expertise. The terms of retention are set forth in the *KCC Agreement for Services* annexed hereto as **Exhibit C** (the "Services Agreement"); *provided*, *however*, that KCC is seeking approval solely of the terms and provisions as set forth in this Section 156(c) Application and the Retention Order attached hereto.

8. Although the Debtor has not yet filed its schedules of assets and liabilities (collectively, the "Schedules"), it anticipates that there will numerous entities to be noticed. In view of the number of anticipated claimants, the Debtor submits that the appointment of a claims and noticing agent is both necessary and in the best interests of both the Debtor's estate and its creditors.

9. KCC has acted as a claims and noticing agent in numerous cases of comparable size, including several cases currently pending in the United States Bankruptcy Court for this District. *See e.g., In re Chaparral Energy, Inc.*, Case No. 20-11947 (MFW) (Bank. D. Del. Aug. 18, 2020) [D.I. 75]; *In re HRI Holding Corp., et al.*, Case No. 19-12415 (MFW) (Bankr. D. Del. Nov. 15, 2019) [D.I. 54]; *In re Extraction Oil and Gas, Inc., et al.*, Case No. 20-11548 (CSS) (Bankr. D. Del. June 16, 2020) [D.I. 81]; *In re Skillsoft Corporation, et al.*, Case No. 20-11532 (MFW) (Bankr. D. Del. June 16, 2020) [D.I. 81]; *In re Templar Energy LLC, et al.*, Case No. 20-11441 (BLS) (Bankr. D. Del. June 2, 2020) [D.I. 53]; *In re Akorn, Inc., et al.,* Case No. 20-11177 (KBO) (Bankr. D. Del. May 22, 2020) [D.I. 71]; *In re TZEW Holdco LLC, et al.*, Case No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) [D.I. 48]; *In re Valeritas Holdings, Inc., et al.*, Case

No. 20-10290 (LSS) (Bankr. D. Del. Feb. 12, 2020) [D.I. 51].[2]

10. By appointing KCC as the Claims Agent in this Chapter 11 Case, the distribution of notices and the processing of claims will be expedited, and the Clerk's Office will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

11. This Section 156(c) Application pertains only to the work to be performed by KCC under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f), and any work to be performed by KCC outside of this scope is not covered by this Section 156(c) Application or by any Order granting approval hereof.

12. Specifically, KCC will perform the following tasks in its role as the Claims Agent (the "Claims and Noticing Services"), as well as all quality control relating thereto:

    a. Prepare and serve required notices and documents in the case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court, including (i) notice of the commencement of the case and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of the Chapter 11 Case;

    b. Maintain an official copy of the Debtor's Schedules, listing the Debtor's known creditors and the amounts owed thereto;

    c. Maintain (i) a list of all potential creditors, equity holders, and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (g), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk;

---

[2] The referenced orders are voluminous in nature and, therefore, are not attached to this Section 156(c) Application; however, in accordance with Local Rule 7007-2, the Debtor's proposed counsel has copies of each order and will make them available to this Court or to any party that requests them. Additionally, the orders are available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

12714951/2

> d. Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;
>
> e. Maintain a post office box or address for the purpose of receiving claims, correspondence, ballots, and returned mail, and process all mail received;
>
> f. For all notices, motions, orders or other pleadings or documents served, prepare and file or caused to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;
>
> g. Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;
>
> h. Maintain the official claims register for the Debtor (the "<u>Claims Register</u>") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, *etc.*), and (vi) any disposition of the claim;
>
> i. Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;
>
> j. Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);
>
> k. Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of KCC, not less than weekly;
>
> l. Upon completion of the docketing process for all claims received to date for

12714951/2

      the Chapter 11 Case, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

   m. Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register;

   n. Assist in the dissemination of information to the public and respond to requests for administrative information regarding the Chapter 11 Case as directed by the Debtor or the Court, including through the use of a case website and/or call center.

   o. If the case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to KCC of entry of the order converting the case;

   p. Thirty (30) days prior to the close of the Chapter 11 Case, to the extent practicable, request that the Debtor submits to the Court a proposed Order dismissing KCC and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of the Chapter 11 Case;

   q. Within seven (7) days of notice to KCC of entry of an order closing the Chapter 11 Case, provide to the Court the final version of the Claims Register as of the date immediately before the close of the case;

   r. At the close of the case, box and transport all original documents, in proper format, as provided by the Clerk's Office, to (i) the Federal Records Center, located at 14700 Townsend Road, Philadelphia, PA 19154-1096 or (ii) any other location requested by the Clerk's Office; and

   s. Provide such other processing, solicitation, balloting, and other administrative services described in the Services Agreement that may be requested from time to time by the Debtor, the Court, or the Clerk's Office.

13. The Claims Register shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by KCC.

14. KCC shall not employ any past or present employee of the Debtor for work that involves the Debtor's Chapter 11 Case.

15. The Debtor respectfully requests that the undisputed fees and expenses incurred

by KCC in the performance of the above services be treated as administrative expenses of the Debtor's estate pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court.  KCC agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtor, the office of the United States Trustee, counsel for the Debtor, counsel for an official committee, if any, monitoring the expenses of the Debtor and any party-in-interest who specifically requests service of the monthly invoices.  If any dispute arises relating the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

16. The Debtor provided KCC with a prepetition retainer in the amount of $30,000. KCC seeks to first apply the retainer to all pre-petition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Services Agreement during the case as security for the payment of fees and expenses incurred under the Services Agreement.

17. KCC has informed the Debtor that, subject to Court approval, it will bill at its standard hourly rates, which are set forth in the Services Agreement attached as **Exhibit C** to this Section 156(c) Application.

18. In connection with its retention as the Claims Agent, KCC represents in the Gershbein Declaration, among other things, that:

    a. KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims Agent in the Chapter 11 Case;

    b. By accepting employment in the Chapter 11 Case, KCC waives any rights to receive compensation from the United States government in connection with the Debtor's case;

    c. In its capacity as the Claims Agent in the Chapter 11 Case, KCC will not be

            an agent of the United States and will not act on behalf of the United States; and

    d.    It is a "Disinterested Person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

19.    To the extent that there is any inconsistency between this Section 156(c) Application, the Retention Order and the Services Agreement, the Retention Order shall govern.

20.    This Section 156(c) Application complies with the *Protocol for the Employment of KCC under 28 US.C.§ 156(c)* and conforms to the standard section 156(c) application in use in this Court.

## BASIS FOR RELIEF REQUESTED

21.    The Court is permitted to appoint KCC as the Claims Agent in this Chapter 11 Case. Bankruptcy Rule 2002 generally regulates what notices must be given to creditors and other parties-in-interest in bankruptcy cases. Fed. R. Bankr. P. 2002(f). Under Bankruptcy Rule 2002(f), the Court may direct that a party, other than the Clerk, give notice of the various matters described below. Moreover, pursuant to 28 U.S.C. § 156(c), the Court is authorized to utilize agents and facilities other than the Clerk for the administration of bankruptcy cases. Specifically, the statute states, in relevant part:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

22.    Appointing KCC as the Claims Agent will help to expedite and more efficiently facilitate the administration of this Chapter 11 Case, and will relieve the Clerk's office of administrative burdens. For these reasons, the Debtor respectfully submits that KCC's

appointment as the Claims Agent is necessary and in the best interests of the Debtor and its estate and will serve to maximize the value of the Debtor's estate for all stakeholders.

### RELIEF AS OF THE PETITION DATE IS APPROPRIATE

23. In accordance with the Debtor's request, KCC has agreed to serve as the Claims Agent on and after the Petition Date with assurances that the Debtor would seek approval of its employment and retention, effective as of the Petition Date, so that KCC can be compensated for services rendered before approval of this Section 156(c) Application. The Debtor believes that no party in interest will be prejudiced by granting relief as of the Petition Date as proposed in this Section 156(c) Application, because KCC has provided and continues to provide valuable services to the Debtor's estate immediately upon the commencement of this Chapter 11 Case.

24. Accordingly, the Debtor respectfully requests entry an order authorizing the Debtor to retain and employ KCC as the Claims Agent effective as of the Petition Date.

### NOTICE

1. Notice of this Application has been given to: (a) the United States Trustee for the District of Delaware; (b) U.S. Bank National Association as indenture trustee for the Debtor's 7.25% Senior Notes (due 2024) and 6.875% Senior Notes (due 2026); (c) the U.S. Securities and Exchange Commission; (d) the New York Stock Exchange; (e) all individuals or entities that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002; (f) the District Director of Internal Revenue for the District of Delaware and all other taxing authorities for the jurisdictions in which the Debtor conducts business; (g) all relevant state attorneys general; (h) the plan sponsor, Medley Management Inc.; (i) Strategic Capital Advisory Services; (j) MOF II GP; (k) Vornado Realty Trust; (l) the holders of the twenty largest unsecured claims against the Debtor; and (m) pursuant to Local Rule 2002-1(e), counsel to any of the foregoing, if known.

**NO PRIOR REQUEST**

25. No previous motion for the relief sought herein has been made to this or to any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court: (a) enter an Order, in the form submitted herewith, granting the relief requested herein; and (b) grant to the Debtor such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: March 7, 2021 | **MORRIS JAMES LLP** |

*/s/ Brya M. Keilson*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com

-and-

Robert M. Hirsh, Esq. *(pro hac vice forthcoming)*
Eric Chafetz, Esq. *(pro hac vice forthcoming)*
Phillip Khezri, Esq. *(pro hac vice forthcoming)*
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
E-mail: rhirsh@lowenstein.com
E-mail: echafetz@lowenstein.com
E-mail: pkhezri@lowenstein.com

*Proposed Counsel to the Debtor
and Debtor-in-Possession*