**<u>EXHIBIT A</u>**
Retention Order

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Medley LLC, [1] | Case No. 21-10526 (    ) |
| Debtor. | |

**ORDER APPOINTING KURTZMAN CARSON**
**CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT FOR**
**THE DEBTOR EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application ("Section 156(c) Application")[2] of the above-captioned debtor and

debtor in possession (the "Debtor") for entry of an Order (this "Order"), appointing Kurtzman

Carson Consultants LLC ("KCC") as claims and noticing agent (the "Claims Agent") in the

Debtor's Chapter 11 Case effective *nunc pro tunc* to the Petition Date; all as more fully set forth

in the Section 156(c) Application; and upon the First Day Declaration and the Gershbein

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent

with Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Section 156(c) Application in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and this Court having found that the relief requested in the Section 156(c)

Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest;

and this Court having found that the Debtor's notice of the Section 156(c) Application and

---

[1] The last four digits of the Debtor's taxpayer identification number are 7343.  The Debtor's principal executive office is located at 280 Park Avenue, 6th Floor East, New York, New York 10017.

[2] Capitalized terms used and not defined herein have the meanings ascribed to them in the Section 156(c) Application.

opportunity for a hearing on the Section 156(c) Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Section 156(c) Application; and this Court having determined that the legal and factual bases set forth in the Section 156(c) Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted, as set forth herein.

2.      Notwithstanding the terms of the Engagement Agreement attached to the Section 156(c) Application, the Section 156(c) Application is granted solely as set forth in this Order.

3.      The Debtor is authorized to retain KCC as the Claims Agent, effective as of the Petition Date, to perform the Claims and Noticing Services set forth in the Section 156(c) Application and under the terms of the Engagement Agreement relating to such services, and KCC is authorized to perform such services.

4.      KCC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this case and is authorized and directed to maintain the official claims register for the Debtor and to provide the Clerk with a certified duplicate thereof upon request of the Clerk.

5.      KCC is authorized and directed to provide an electronic interface for the filing of proofs of claim and to obtain a post office box or address for the receipt of proofs of claim. KCC shall provide access to the Claims Register without charge, including access to complete copies of proofs of claim with attachments, if any.

6.      KCC is authorized to take such other actions to comply with all duties set forth in the Section 156(c) Application and this Order.

7.      KCC shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

12714953/2

8.    Without further order of this Court, the Debtor is authorized to compensate KCC on a monthly basis in accordance with the terms and conditions of the Engagement Agreement for the Claims and Noticing Services, upon KCC's submission of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith, without the need for KCC to file fee applications or otherwise seek court approval for the compensation of its services and reimbursement of its expenses.

9.    KCC shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtor, the U.S. Trustee, counsel for any official committee monitoring the expenses of the Debtor, and any party in interest that specifically requests service of the monthly invoices.

10.    The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

11.    Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, KCC's fees and expenses incurred in connection with the Claims and Noticing Services shall be administrative expenses of the Debtor's Chapter 11 Case.

12.    KCC may first apply its retainer to all prepetition invoices and thereafter, have the retainer replenished to the original retainer amount and, thereafter, hold the retainer under the Engagement Agreement during the cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

13.    Except to the extent set forth below, the Debtor is authorized to indemnify KCC under the terms of the Engagement Agreement:

(a)    KCC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the Claims and Noticing Services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

-3-

(b)     The Debtor shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, willful misconduct, bad faith, self-dealing, breach of fiduciary duty (if any) or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of KCC's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theater Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Claims Agent should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14.     If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Debtor's Chapter 11 Case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing the Debtor's Chapter 11 Case, KCC believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, KCC must file an application therefor in this Court, and the Debtor may not pay any such amounts to KCC before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution, or reimbursement. In the event that KCC seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in KCC's own applications, both interim and final, but determined by this Court after notice and a hearing.

15.     In the event KCC is unable to provide the Claims and Noticing Services, KCC will immediately notify the Clerk and the Debtor's counsel and cause all original proofs of claim and

computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtor's counsel.

16.     KCC shall not cease providing Claims and Noticing Services during the Debtor's Chapter 11 Case for any reason, including nonpayment, without an order of the Court.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.     The Debtor and KCC are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Section 156(c) Application.

19.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12714953/2