```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                    .      Chapter 11
IN RE:                              .
                                    .      Case No. 21-10526 (KBO)
MEDLEY LLC,                         .
                                    .      Courtroom No. 3
                                    .      824 North Market Street
                                    .      Wilmington, Delaware 19801
                                    .
              Debtors.              .      June 8, 2021
. . . . . . . . . . . . . . . . . .        10:00 A.M.

           TRANSCRIPT OF TELEPHONIC STATUS CONFERNECE
              BEFORE THE HONORABLE KAREN B. OWENS
                 UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For the Debtors:         Eric J. Monzo, Esquire
                         Brya M. Keilson, Esquire
                         MORRIS JAMES LLP
                         500 Delaware Avenue, Suite 1500
                         Wilmington, DE 19801

                         - and -

                         Robert M. Hirsh, Esquire
                         Eric Chafetz, Esquire
                         Michael A. Kaplan, Esquire
                         Phillip Khezri, Esquire
                         LOWENSTEIN SANDLER LLP
                         1251 Avenue of the Americas
                         New York, NY 10020


Audio Operator:          Lisa Brown, ECRO

Transcription Company:   Reliable
                         1007 N. Orange Street
                         Wilmington, Delaware 19801
                         (302)654-8080
                         Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

```
 1  TELEPHONIC APPEARANCES (Cont'd):

 2  For the Committee:        James Carr, Esquire
                              KELLEY DRYE & WARREN LLP
 3                            3 World Trade Center
                              175 Greenwich Street
 4                            New York, New York 10007

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     (Proceedings commence at 10:08 a.m.)

2     THE COURT:  Good afternoon, counsel. This is Judge
3 Owens.  I apologize for coming on the line a little bit late,
4 we were having some technical difficulties on our end.

5     We're gathered today for an omnibus hearing in
6 Medley.  My understanding is that there is no matters going
7 forward, but we're having a short status conference today.

8     So let me just turn the podium over to counsel for
9 the debtors and you can lead us off.

10     MR. MONZO:  Good to see you, Your Honor.  Good
11 morning.  Eric Monzo, Morris James, on behalf of the debtor
12 Medley LLC.

13     Your Honor, yes, you are correct, this is a status
14 to provide Your Honor with an update following our last
15 hearing.  There are no contested matters on the agenda which
16 is filed at Docket No. 191 the retention of various
17 professionals.

18     We thought it would be helpful, and we thank the
19 court and we thank the staff for this opportunity to
20 (indiscernible), Your Honor, myself, others in my firm, as
21 well as all the professionals in the case thought it was a
22 good idea to provide you with a status of what is happening
23 in the case, to preview where we're going with this case if
24 that's helpful.

25     THE COURT:  That is.  Thank you.

1           MR. MONZO:  So you may recall, Your Honor, we were
2 before you back on May 18th.  Since that time we had worked
3 with the Securities & Exchange Commission, Office of the
4 United States Trustee, the creditors committee, as well as
5 the debtors parents to address the concerns raised about who
6 was acting as the debtors fiduciary in this case.
7           Since that time the board of the debtor's parents,
8 Medley Management Inc., agreed and approved an amendment to
9 the debtor's LLC agreements that provided four
10 (indiscernible) Ms. Michelle Dryer as an independent manager.
11 Ms. Dreyer, I believe, is on the line somewhere, but she is
12 familiar with the court.  She does serve as an independent
13 manager on a number of cases.
14           Under the agreement -- I'm sorry, under the
15 amended to the LLC agreement the debtor's business, property
16 and affairs shall be managed under the sole, absolute and
17 exclusive direction of Ms. Dreyer.  Your Honor, I'm referring
18 to the (indiscernible) which I know Your Honor does not have.
19 But as the managing director -- I'm sorry, as the managing --
20 sorry, as the manager Ms. Dreyer is very familiar with the
21 parties.  (Indiscernible) to the parties (indiscernible) the
22 SEC, the Office of the United States Trustee, as well as the
23 creditors committee, and the (indiscernible) as well.  They
24 are all familiar with Ms. Dryer and I believe they are
25 supportive of her appointment.

1        The SEC has raised issues regarding the removal,
2 but there is an opportunity by the managing member to remove
3 Ms. Dryer.  So we added a paragraph to the amended LLC
4 agreement and provided that the SEC or similar agency or
5 division shall have the right to petition the court or any
6 proper jurisdiction with respect to the appointment or the
7 removal of a subsequent manager within 30 days of that
8 appointment, but given the opportunity to address any issues
9 that may not be acceptable to them.
10        We agreed to put on the record for the SEC that
11 the SEC as well as the U.S. Trustee or any similar agency or
12 division would be provided similar notice, a timely notice of
13 exchange to the manager and they would be able to receive
14 notice of that exchange impacting the status as the manager
15 in the case (indiscernible) provide that notice.  So I'm
16 stating on the record, Your Honor, that counsel for the
17 debtors would provide notice, should there be a change, to
18 the SEC (indiscernible).
19        So hopefully that addresses the concern raised
20 with regarding independent fiduciaries.  As I mentioned,
21 under the LLC agreement, Ms. Dreyer would be -- June 1st is
22 when that amendment would be effected.  So in the last week
23 or so Ms. Dryer has been working with my office as counsel to
24 the debtor as well as management, speaking with the debtor's
25 parties in interest to really see if they can move forward.

1          So were hopeful that in the next few days that we
2 will be filing a motion with regards to the complication that
3 Ms. Dryer is receiving in this case.  We had a few comments
4 from Mr. Carr and the creditors committee with regards to
5 that service agreement and to bring that service agreement to
6 Your Honor for approval.  That is also on the docket as well.
7          We have a hearing, I believe, July the 8th, Your
8 Honor and we're hopeful that that motion will be heard at
9 that time on regular notice (indiscernible) hearing.  So
10 we're hopeful that with Ms. Dryer's appointment as
11 independent manager that we can move this case along.  We're
12 hopeful a plan would be filed by the end of the month, an
13 amendment to the prior plan so that we can hopefully exit
14 that Chapter 11 process as soon as approximate based on this
15 change.
16          So, Your Honor, with that it was rather brief, but
17 there is a significant change to the structure
18 (indiscernible), certainly can address those issues, but we
19 (indiscernible) did at the last hearing, Your Honor.
20 (Indiscernible) to the other parties that, I believe, are on
21 the line as well.
22          THE COURT:  Okay.  Thank you, Mr. Monzo.  I
23 appreciate the update. I also appreciate the significant
24 changes that have been implemented in the last few weeks.  I
25 know the parties really had a concern about moving the cases

1  forward and not unnecessarily delaying them.  So it seems as
2  if you were able to move forward very quickly and not cause
3  undue delay.  So I appreciate that.
4          Why don't I turn the podium over to anyone else
5  who wishes to be heard today.
6          MR. CARR:  Good morning, Your Honor.  Can you hear
7  me?
8          THE COURT:  I can, Mr. Carr.  Welcome.
9          MR. CARR:  Thank you.  Good morning.  For the
10 record Jim Carr of Kelley Drye & Warren, counsel for the
11 committee.
12         Your Honor, first of all, with respect to Ms.
13 Dryer's appointment the committee is extremely pleased.  When
14 we first heard that Ms. Dryer was under consideration I had
15 known Ms. Dryer for many years and find her to be extremely
16 professional.  You know, I couldn't speak in support enough
17 for her for the committee and how much we really are pleased
18 that she was appointed as the independent director for the
19 debtor in this case.
20         We had some -- as Mr. Monzo indicated we had some
21 comments, some minor comments to the services agreement.  We
22 have resolved those comments and we will look forward to
23 receiving a revised service agreement, but that should not be
24 an issue, Your Honor.
25         So that is the first step in connection with how

1  do we proceed to get this case out of bankruptcy.  I've had
2  numerous discussions with Mr. Monzo regarding that specific
3  issue and we will probably proceed to an orderly liquidation
4  of the debtor's estate.
5          Of significant concern to the committee is that
6  administrative claims be paid in full.  We want to -- we
7  would like to proceed out of bankruptcy as quickly as
8  possible to eliminate the administrative burn rate that comes
9  just from being in bankruptcy with all of the professionals.
10 That is unnecessary to monitor and provide advice in this
11 case or any other case for that matter, Your Honor.
12          So we are waiting for Mr. Adam Rosen of B. Riley
13 to provide us with a financial analysis of the administrative
14 solvency of the estate.  We understand that that financial
15 analysis will be prepared this week.  So we are looking
16 forward to receiving that.
17          There is a number of reasons why it makes sense to
18 do an orderly liquidation instead of a quick liquidation.
19 There is still income and revenue coming into the company.
20 So what we want to do, Your Honor, is twofold.  One, we want
21 to keep the revenue coming in, but we also want to start
22 eliminating unnecessary expenses so that we have a situation
23 here we're cash positive as we head into a liquidation.
24          I am not exactly sure how long that process would
25 take, but talking about it with Mr. Rosen and Mr. Monzo it

1 could take several months to accomplish that.  So during that
2 period we want to make sure, Your Honor, that we continue to
3 remain in a cash positive position.  That is extremely
4 important to the committee.
5           So we're waiting to see the financial analysis,
6 like I said, Your Honor, which should be provided this week.
7 It will be a very typical, you know, discuss sort of the
8 basic structure with Mr. Monzo.  It will be a very typical
9 plan that Your Honor has seen numerous times in a liquidation
10 of claims and causes of action being transferred to the
11 trust.  There will be a post-confirmation committee that will
12 be involved in making (indiscernible) necessary to me,
13 particularly in connection with claims.
14           We are still working with B. Riley and Mr. Rosen
15 just to confirm that the cash is there to make sure that the
16 estates are solvent and that we can get to the confirmation
17 of a plan of liquidation in fairly short order, Your Honor.
18           THE COURT:  Okay.  I appreciate that summary.
19           MR. CARR:  Thank you.
20           THE COURT:  I certainly understand the need to
21 avoid the cash burn and keep costs low.  So hopefully all the
22 parties are going to be working towards that goal, but we
23 will see how things play out.
24           MR. CARR:  By the way, one other point, we have
25 also been in constant communication with the SEC.  We

1  appreciate, actually, the calls we have with them, generally
2  twice a week, to provide them with an update with respect to
3  the committee, and where we see the case going, and how we
4  would like to proceed to conclude these cases.  So that has
5  also been extremely helpful from the committee's perspective,
6  Your Honor.
7              THE COURT:  Okay.  Thank you very much.
8              Let me ask is there anyone else that wishes to be
9  heard today?
10      (No verbal response)
11             THE COURT:  Okay.  I'm not hearing anyone.  Again,
12 I appreciate the updates and I appreciate all the tasks that
13 have been accomplished in the little bit of time since we
14 have last seen each other.  It seems as if from Mr. Monzo's
15 presentation that we have a hearing July 8th.
16             Mr. Monzo, is there anything between now and then
17 or just that hearing date?
18             MR. MONZO:  That is the next hearing date, Your
19 Honor.  I think we're, at this point, on a typical monthly
20 omnibus hearing schedule.  Should something come up between
21 now and then, I know Your Honor is (indiscernible).
22             THE COURT:  Okay.  Well that is what I was going
23 to say, if you need in between now and then, something
24 unexpected pops up and you need relief you can certainly
25 contact Chambers and we will make time for you.  But in

1 between now and the 8th it looks like there is a significant
2 amount of work that needs to be accomplished in connection
3 with formulating the plan and just dotting the I's and
4 crossing the T's.
5 　　　　　So with that I will leave you all to continue
6 doing that.  We will consider this hearing adjourned.  So I
7 appreciate everyone making themselves available to me to give
8 me an update.  I hope everyone is well and continues to be
9 well.  Maybe I will see you one day in person at some time in
10 the near future, but until then we will meet via Zoom.
11 　　　　　Take care everyone.  The hearing is adjourned.
12 　　　　　MR. CARR:  Thank you, Your Honor.  Looking forward
13 to it.
14 　　　　　MR. MONZO:  Thank you.
15 　　　　　THE COURT:  Me too.  Thank you.
16 　　　(Proceedings concluded at 10:22 a.m.)
17
18 　　　　　　　　　　　　　　CERTIFICATE
19
20 　　　I certify that the foregoing is a correct transcript
21 from the electronic sound recording of the proceedings in the
22 above-entitled matter.
23
24 /s/Mary Zajaczkowski　　　　　　　　June 10, 2021
　　Mary Zajaczkowski, CET**D-531
25