**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Medley LLC, [1] | Case No. 21-10526 (KBO) |
| Debtor. | **Obj. Deadline: December 21, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: January 11, 2022 at 11:00 a.m. (ET)** |

**COVER SHEET TO THE (I) FINAL FEE APPLICATION OF EVERSHEDS
SUTHERLAND (US) LLP, SPECIAL COUNSEL TO THE DEBTOR,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM MARCH 7, 2021 THROUGH OCTOBER 18, 2021,
AND (II) REQUEST FOR RELATED RELIEF**

| | |
|---|---|
| Name of Applicant | Eversheds Sutherland (US) LLP |
| Authorized to Provide Professional Services to | Debtor and Debtor-in-Possession. |
| Period for which compensation and reimbursement is sought | *Start:* March 7, 2021<br>*End:* October 18, 2021 |
| Total compensation sought this period | $2,715,049.00 |
| Total expenses sought this period | $568,570.50 |
| Estimated amount of fees and expenses sought as actual, reasonable, and necessary incurred from October 19, 2021 through and including the date of the hearing on this Final Fee Application (the "**Post-Effective Date Period**")[2] | $25,000.00 |
| Petition date | March 7, 2021 |
| Effective Date of retention | March 7, 2021 |

---

[1] The last four digits of the Debtor's taxpayer identification number are 7343. The Debtor's principal executive office is located at 280 Park Avenue, 6th Floor East, New York, New York 10017.

[2] In addition to the fees and expenses incurred during the period from March 7, 2021 through and including October 18, 2021 (the "**Application Period**"), Eversheds Sutherland (US) LLP ("**Eversheds Sutherland**") anticipates that it will incur approximately $25,000 in fees and expenses in connection with the preparation, filing and prosecution of this Final Fee Application and attendance at any hearing thereon (the "**Estimated Fees and Expenses**"). Eversheds Sutherland will only seek payment for fees and expenses actually incurred by Eversheds Sutherland during the Post-Effective Date Period, which may be more or less than the Estimated Fees and Expenses (the "**Actual Post-Effective Date Fees and Expenses**").

13262028/1

| | |
|---|---|
| Date of order approving employment | May 17, 2021 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Total allowed compensation paid to date | $0.00 |
| Total allowed expenses paid to date | $0.00 |
| Blended rate in this application for all attorneys | $546.76 |
| Blended rate in this application for all timekeepers | $541.47 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |
| Number of professionals included in this application | 38 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 38 |
| If applicable, difference between fees budgeted and compensation sought for this period | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period | 7 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No |

This is an: ___ monthly      __ interim     X final application.


Prior Applications: None

2

13262028/1

**SUMMARY OF BILLING BY TIMEKEEPER**
**For the Period March 7, 2021 through October 18, 2021**

| Name of Professional Person | Year of Bar Admission | Position with the applicant | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Steven B. Boehm | 1978 | Partner | Business Practices | $1,290 | 48.1 | $62,049.00 |
| Bruce Bettigole | 1981 | Partner | Litigation | 1,105 | 611.9 | 676,149.50 |
| John H. Walsh | 1985 | Partner | Litigation | 1,045 | 356.5 | 372,542.50 |
| Cynthia R. Beyea | 2003 | Partner | Business Practices | 945 | 0.4 | 378.00 |
| Mark D. Sherrill | 1999 | Partner | Bankruptcy | 855 | 58.3 | 49,846.50 |
| Payam Siadatpour | 2004 | Partner | Business Practices | 850 | 139.6 | 118,660.00 |
| Adam C. Pollet | 2012 | Partner | Business Practices | 705 | 752.7 | 530,653.50 |
| Issa Hanna | 2010 | Counsel | Business Practices | 740 | 3.4 | 2,516.00 |
| Sara Sabour | 2016 | Associate | Business Practices | 690 | 31.6 | 21,804.00 |
| Andrea Gordon | 2015 | Associate | Business Practices | 610 | 6.0 | 3,660.00 |
| Amy Albanese | 2018 | Associate | Litigation | 490 | 455.1 | 222,999.00 |
| Amanda Oliveira | 2020 | Associate | Litigation | 440 | 396.4 | 174,416.00 |
| Ariana Cheng | 2020 | Associate | Litigation | 410 | 229.6 | 94,136.00 |
| Scott Hund | 2002 | Contract Attorney | n/a | 225 | 86.0 | 19,350.00 |
| R. Jordan McCarter | 2009 | Contract Attorney | n/a | 225 | 4.0 | 900.00 |
| Rachel L. Kleinheksel | 2014 | Contract Attorney | n/a | 170 | 116.3 | 19,771.00 |
| Timothy J. Tremberth | 2014 | Contract Attorney | n/a | 170 | 95.0 | 16,150.00 |
| Phyllis G. Wood | 2011 | Contract Attorney | n/a | 170 | 117.1 | 19,907.00 |
| Kristy M. Broadrick | 2015 | Contract Attorney | n/a | 170 | 118.0 | 20,060.00 |
| Michael J. Bommarito | 1984 | Contract Attorney | n/a | 160 | 71.1 | 11,376.00 |
| Howard H. Crumit | 2011 | Contract Attorney | n/a | 160 | 96.5 | 15,440.00 |
| Tremayne T. Dowell | 2006 | Contract Attorney | n/a | 160 | 89.4 | 14,304.00 |
| Dina J. Gutierrez | 2020 | Contract Attorney | n/a | 160 | 71.2 | 11,392.00 |
| Donald J. Hutchinson | 1986 | Contract Attorney | n/a | 160 | 92.1 | 14,736.00 |
| Joseph W. Miner | 2014 | Contract Attorney | n/a | 160 | 95.2 | 15,232.00 |
| Nitoya B. Munson | 2013 | Contract Attorney | n/a | 160 | 92.0 | 14,720.00 |
| Oliva M. Roberts | 2015 | Contract Attorney | n/a | 160 | 97.8 | 15,648.00 |
| Ian R. Rothe | 2016 | Contract Attorney | n/a | 160 | 94.0 | 15,040.00 |
| Andrew M. Steiger | 2009 | Contract Attorney | n/a | 160 | 89.4 | 14,304.00 |
| Catherine Stone | 2001 | Contract Attorney | n/a | 160 | 93.9 | 15,024.00 |
| Robert E. Traul | 1993 | Contract Attorney | n/a | 160 | 80.7 | 12,912.00 |
| Richard T. Vendetti | 2014 | Contract Attorney | n/a | 160 | 83.1 | 13,296.00 |
| Pamela Cericola | n/a | Paralegal | Litigation | 355 | 43.6 | 15,478.00 |

13262028/1

| Name of Professional Person | Year of Bar Admission | Position with the applicant | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Devorah Hirsch | n/a | Paralegal | Litigation | 220 | 4.4 | 968.00 |
| Jason C. Kaufmann | n/a | Support Analyst | Litigation | 200 | 69.1 | 13,820.00 |
| Kevin L. Silveira | n/a | Support Analyst | Litigation | 200 | 0.4 | 80.00 |
| Nalee Thao | n/a | Support Manager | Litigation | 200 | 1.2 | 240.00 |
| Gregory S. Amoroso | n/a | Consultant | Litigation | 610 | 123.1 | 75,091.00 |
| TOTAL | | | | | 5,014.2 | $2,715,049.00 |

Attorney Compensation: $2,609,372.00

Total Attorney Hours: 4,772.4

Blended Hourly Rate for Attorneys: $546.76

Blended Hourly Rate for All Professionals: $541.47

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Medley LLC, [1] | Case No. 21-10526 (KBO) |
| Debtor. | **Obj. Deadline: December 21, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: January 11, 2022 at 11:00 a.m. (ET)** |

### (I) FINAL FEE APPLICATION OF EVERSHEDS SUTHERLAND (US) LLP, SPECIAL COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MARCH 7, 2021 THROUGH OCTOBER 18, 2021 AND (II) REQUEST FOR RELATED RELIEF

Eversheds Sutherland (US) LLP ("**Eversheds Sutherland**" or "**Applicant**"), special counsel to the debtor and debtor-in-possession ("**Debtor**"), hereby submits this final fee application ("**Final Fee Application**") seeking payment of compensation for services rendered and reimbursement of expenses incurred as special counsel to the Debtor on a final basis, for the period from March 7, 2021 through October 18, 2021 ("**Application Period**") under sections 330 and 331 of title 11 of the United States Code ("**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), the *Order (I) Establishing Certain Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court, and (II) Granting Related Relief* [D.I. 60] ("**Interim Compensation Order**"); and the *Amended Findings of Fact, Conclusions of Law, and Order (I) Approving, the Adequacy of Disclosures on a Final Basis and (II) Confirming the Modified Third Amended Combined Disclosure Statement and Chapter 11 Plan of Medley LLC* [D.I. 445] ("**Confirmation Order**").

---

[1] The last four digits of the Debtor's taxpayer identification number are 7343. The Debtor's principal executive office is located at 280 Park Avenue, 6th Floor East, New York, New York 10017.

13262028/1

By this Final Fee Application, Eversheds Sutherland seeks final allowance of compensation in the amount of $2,715,049.00 and actual and necessary expenses in the amount of $568,570.50, for a total allowance of $3,283,619.50, and payment of the unpaid amount of such fees and expenses for the Application Period.  As detailed below, Eversheds Sutherland makes this request notwithstanding the possibility that it will later receive payment from Insurance (as defined below).  Accordingly, Eversheds Sutherland further requests that the Court enter an Order directing Eversheds Sutherland to reimburse the Liquidating Trustee for any amounts for which it is ultimately double-paid.  Because Eversheds Sutherland continues to expect to receive a substantial payment from the Insurance in the near term, it will promptly file a notice of any such payment received and will reduce the amount requested in this Final Fee Application accordingly.

In support of the Final Fee Application, Eversheds Sutherland respectfully represents as follows:

**INTRODUCTION**

1. On March 7, 2021 ("**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Prior to confirmation of the Plan (as defined below), the Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.

2. On April 22, 2021, the Office of the United States Trustee ("**UST**") appointed the Official Committee of Unsecured Creditors of Medley LLC, pursuant to section 1102 of the Bankruptcy Code.

2

13262028/1

3.      On March 25, 2021, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the above-captioned bankruptcy case (the **"Bankruptcy Case"**).

4.      On October 14, 2021, the Debtor filed its *Modified Third Amended Combined Disclosure Statement and Chapter 11 Plan of Medley LLC* (the "**Plan"**) [D.I. 431]. On October 18, 2021, the Court entered the Confirmation Order, confirming the Plan.

5.      On October 18, 2021, the Debtor filed its *Notice of (I) Entry of Order Confirming Modified Third Amended Combined Disclosure Statement and Chapter 11 Plan of Medley LLC and (II) Occurrence of Effective Date* (the "**Effective Date Notice**") [D.I. 449]. The Effective Date Notice provided notice that the Effective Date of the Plan occurred on October 18, 2021 (the "**Effective Date**"). Under the Plan, all final applications for professionals' fees must be filed no later than 45 days after the Effective Date (the **"Fee Deadline"**).

## RETENTION OF EVERSHEDS SUTHERLAND

6.      On April 6, 2021, the Debtor filed its *Application of the Debtor for an Order Authorizing the Retention and Employment of Eversheds Sutherland (US) LLP as Special Counsel for the Debtor Effective as of the Petition Date* (the **"Retention Application"**) [D.I. 87].

7.      On May 17, 2021, this Court entered the *Order Granting Debtor's Application for an Order Authorizing the Retention and Employment of Eversheds Sutherland (US) LLP as Special Counsel for the Debtor Effective as of the Petition Date* (the **"Retention Order"**) [D.I. 167].

3

**PROFESSIONAL SERVICES RENDERED**

8. Eversheds Sutherland submits this Final Fee Application, seeking approval and allowance of compensation in the amount of $2,715,049.00, and actual and necessary expenses in the amount of $568,570.50, incurred during the period from March 7, 2021 through October 18, 2021 (the **"Application Period"**).

**INSURANCE COVERAGE AND REQUEST FOR WAIVER**

9. As detailed in the Retention Application, the Debtor hired Eversheds Sutherland to provide legal services that "include, but are not limited to, securities law and related litigation and regulatory matters." Retention Application, ¶ 9. As part of that scope of services, Eversheds Sutherland has been representing the Debtor in the context of an investigation (the **"Investigation"**) by the U.S. Securities and Exchange Commission. Eversheds represents certain non-debtor affiliates (the **"Affiliates"**) that are also subjects of the Investigation.

10. Because of potential conflicts that may arise during the course of the Investigation, the Affiliates have also retained separate counsel (collectively, the **"Other Professionals"**) in connection with the Investigation. As described more fully below, both Eversheds Sutherland and the Other Professionals are being paid through a series of insurance policies covering the Debtor and certain of its affiliates.

11. The Retention Application provided that the work done by Eversheds was being paid out of an insurance policy (the **"Initial Policy"**) issued by Berkshire Hathaway Specialty Insurance (the **"Initial Insurer"**) covering an affiliate of the Debtor, Medley Management Inc. and its officers and directors. The Retention Application further indicated that Eversheds Sutherland anticipated that it would continue to be paid out of insurance, and that it would seek

4

payment of its fees from the bankruptcy estate only if the payments exceeded policy limits. Retention Application, ¶¶ 9-11.

12.     Shortly after the filing of the Retention Application, payments made under the Initial Policy reached the limits under that policy.  The Initial Policy was just one level of a multi-tiered insurance tower, however.  After the exhaustion of the Initial Policy, a second policy issued by Starr Indemnity & Liability Company became available for payment of Eversheds Sutherland and the Other Professionals.

13.     Upon information and belief, Medley Management and its officers and directors are also covered by an additional insurance tower, the first tier of which is issued by Allianz Global Risks US Insurance Company (the **"Allianz Policy"**).

14.     On October 18, 2021, the Plan became effective.  As a result, the Liquidating Trustee became the successor in interest to the Debtor as of the Effective Date.

15.     In addition to the Initial Policy tower described in ¶ 9, the Debtor and its officers and directors are covered by another policy towers (the **"Travelers Policy,"** together with the Initial Policy and Allianz Policy towers, the **"Insurance"**), the first tier of which is issued by The Travelers Companies. Based on certain preliminary discussions, it appears that the Liquidating Trustee may dispute the applicability of the Travelers Policy to cover Eversheds Sutherland's fees.  As a result, some uncertainty exists regarding whether the Travelers Policy will be available to pay any Eversheds Sutherland fees.

16.     On information and belief, a total of $38 million remains available for payment to Eversheds Sutherland and the Other Professionals across all of the various Insurance policies,

13262028/1

including the Travelers Policy.[2]

17.     At present, the amount of Eversheds Sutherland's unpaid fees is $2,921,965.50; the amount of its unpaid costs is $571,423.71.[3]  Eversheds Sutherland has received some prepetition payments from Insurance, but to date, it has not received any payments (from Insurance or otherwise) (a) in the post-petition period, nor (b) in the prepetition period with respect to "services rendered or to be rendered in contemplation of or in connection with the case." *See generally* 11 U.S.C. § 329(a).

18.     On information and belief, the amount of the Other Professionals' unpaid fees is presently approximately $2 million.  Therefore, there is a cumulative amount of approximately $4.9 million in prospective Insurance claims for fees from Eversheds and the Other Professionals, with fees continuing to accrue.

19.     In light of the facts and issues discussed above, there exists a genuine possibility that there will be an insufficient amount of Insurance proceeds available to pay Eversheds Sutherland's fees.

20.     Eversheds Sutherland represented in its Retention Application that it would seek payment from the bankruptcy estate only after the Insurance proceeds had been exhausted.  At present, the Insurance proceeds are not exhausted.  Nevertheless, Eversheds Sutherland now feels that the only prudent course of action is to file this Final Fee Application, due to (a) the possibility that the total Insurance claims will ultimately exceed the amount of Insurance proceeds available, and (b) the timing of the Fee Deadline.  If Eversheds Sutherland were to

---

[2] For more details on the relevant Insurance policies, see the *Motion of Officers and Directors for Order Confirming Authority for Insurers to Make Payment and Advancement Under Certain Director and Officer Insurance Policies* [D.I. 499] (filed Nov. 19, 2021).

[3] The current amount outstanding includes fees and expenses from outside the Application Period, and therefore differs from the amount requested in this Final Fee Application.

6

13262028/1

wait until all payments were made from the Insurance, it would likely be barred from seeking to recover any deficiency from the estate. To the extent necessary, Eversheds Sutherland requests limited relief from the Retention Order to allow it to file this Final Fee Application, notwithstanding the current availability of Insurance.

21.    In light of the tension between the dwindling Insurance availability and the Fee Deadline, Eversheds Sutherland requests that the Court enter an Order (a) granting the Final Fee Application for the amounts detailed herein, and (b) directing Eversheds Sutherland to reimburse the Liquidating Trustee for any amounts subsequently received from Insurance. In the alternative, Eversheds Sutherland requests that the Court enter an Order directing the Liquidating Trustee to create a reserve in the amount requested herein, to ensure that sufficient funds remain in the estate to compensate and reimburse Eversheds Sutherland in the event that it does not receive adequate payments from Insurance.

### COMPLIANCE WITH BANKRUPTCY CODE, LOCAL RULES, INTERIM COMPENSATION ORDER, CONFIRMATION ORDER AND REVISED UST GUIDELINES

22.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Eversheds Sutherland submits that the services provided to the Debtor by Eversheds Sutherland during this Bankruptcy Case were necessary and appropriate given (a) the complexity of the Investigation; (b) the time expended; (c) the issues involved; (d) the nature and extent of services provided, (e) the value of the such services; and (e) the cost of comparable services outside of bankruptcy.

23.    It was unexpected for Eversheds Sutherland to need to file this Final Fee Application. Eversheds Sutherland expected to be paid from Insurance throughout the postpetition period, including from the Travelers Policy. Eversheds Sutherland believes it is

7

13262028/1

fully in compliance with the Local Bankruptcy Rules and the Interim Compensation Order with regard to fee application requirements.  Nevertheless, due to the exigent circumstances, there are certain abnormalities with this Final Fee Application, such as the fact that Eversheds Sutherland has not previously filed any Monthly Fee Statements as professionals getting paid out of the estate would have.  To the extent necessary, Eversheds Sutherland requests relief from any technical requirements with which it may be in noncompliance.

24.    Attached hereto as **Exhibit A** is Applicant's customary and comparable compensation disclosures.  Eversheds Sutherland's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys.  In addition, Eversheds Sutherland's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

25.    Attached hereto as **Exhibit B** is a summary of compensation for each professional of the Applicant that worked on the Bankruptcy Case and the Investigation during the Application Period.

26.    Attached hereto as **Exhibit C** is a summary of compensation by project category for the Application Period.

27.    Attached hereto as **Exhibit D** is a summary of expenses for the Application Period.

28.    Attached hereto as **Exhibit E** is a declaration of Applicant with respect to the Final Fee Application.

29.    Because Eversheds Sutherland has not filed Monthly Fee Statements, it has not previously provided its detailed time records.  **Exhibit F** is the detailed time records for Eversheds Sutherland in the Application Period.  Substantially contemporaneously with the filing of the Final Fee Application, Eversheds Sutherland will file a motion for authority to file Exhibit F under seal, given the highly confidential nature of the work in connection with the Investigation.

### ADDITIONAL DISCLOSURES AND REPRESENTATIONS

30.    During the Application Period, Eversheds Sutherland did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

31.    None of the professionals included in this Final Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

32.    This Final Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

33.    This Final Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

34.    In accordance with section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Eversheds Sutherland and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

35.    No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Eversheds Sutherland.

9

13262028/1

36.     Notice of this Final Fee Application has been provided in accordance with the Interim Compensation Order.  Eversheds Sutherland submits that no other or further notice need be provided.

**WHEREFORE**, Eversheds Sutherland respectfully requests that the Court enter an Order (i) granting the Final Fee Application and authorizing final allowance of compensation in the amount of $2,715,049.00 for professional services rendered on behalf of the Debtor and reimbursement for actual and necessary expenses in the amount of $568,570.50; (ii) directing payment by the Debtor of any unpaid amounts of the foregoing; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: December 1, 2021                    **EVERSHEDS SUTHERLAND (US) LLP**

                                           By:     */s/ Mark D. Sherrill*

                                                   Mark D. Sherrill
                                                   1001 Fannin Street
                                                   Suite 3700
                                                   Houston, Texas 77002
                                                   Telephone: (713) 470-6100
                                                   Facsimile: (713) 654-1301
                                                   Email:  marksherrill@eversheds-sutherland.us

                                           *Special Counsel to the Debtor and*
                                           *Debtor in Possession*

10

13262028/1