**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MEDLEY LLC,[1] | Case No. 21-10526 (KBO) |
| Debtor. | **Re: Docket No. 515, 516, 517, 559** |

**DECLARATION OF MARK D. SHERRILL IN SUPPORT OF (I) FINAL FEE APPLICATION OF EVERSHEDS SUTHERLAND (US) LLP, SPECIAL COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MARCH 7, 2021 THROUGH OCTOBER 18, 2021, AND (II) REQUEST FOR RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Mark D. Sherrill, declares as follows:

1.      I am a Partner at the firm of Eversheds Sutherland (US) LLP ("Eversheds Sutherland"), which maintains offices for the practice of law at, among other places, 1001 Fannin Street, Suite 3700, Houston, TX 77002. I am an attorney at law, duly admitted in good standing to practice in the State of Texas, the Commonwealth of Virginia, the District of Columbia, and the State of Ohio.

## I.      BACKGROUND

2.      I am duly authorized to execute this declaration (the "Declaration") on behalf of Eversheds Sutherland in support of its *(I) Final Fee Application for Allowance of Compensation and Reimbursement of Expenses for the Period from March 7, 2021 through October 18, 2021 and (II) Request for Related Relief* (the "Fee Application") (D.I. 515).

3.       On April 6, 2021, Medley LLC (the "Debtor") filed with the *Application of the Debtor for an Order Authorizing the Retention and Employment of Eversheds Sutherland (US)*

---

[1] The last four digits of the Debtor's taxpayer identification number are 7343. The Debtor's principal executive office is located at 280 Park Avenue, 6th Floor East, New York, New York 10017.

13334029.v1

*LLP as Special Counsel for the Debtor Effective as of the Petition Date* (D.I. 87) (the "Retention Application").

4.      On May 17, 2021, the Court entered its *Order Granting Debtor's Application for an Order Authorizing the Retention and Employment of Eversheds Sutherland (US) LLP as Special Counsel for the Debtor Effective as of the Petition Date* (D.I. 167).

5.      Except as otherwise indicated herein, all facts stated in this Declaration are based on my personal knowledge of Eversheds Sutherland's operations and finances, information learned from my review of relevant documents, and information supplied to me by Eversheds Sutherland's partners or employees.  If called upon to testify, I could and would testify on that basis.

6.      As detailed in the Retention Application, the Debtor hired Eversheds Sutherland to provide legal services that "include, but are not limited to, securities law and related litigation and regulatory matters."  Retention Application, ¶ 9.  As part of that scope of services, Eversheds Sutherland has been representing the Debtor in the context of an ongoing investigation (the "Investigation") by the U.S. Securities and Exchange Commission.  On information and belief, certain non-debtor affiliates (the "Affiliates") are also subjects of the Investigation.

7.      In addition to the Debtor's retention of Eversheds Sutherland, the Affiliates have also been forced to retain counsel (collectively, the "Other Professionals") in connection with the Investigation.  As described more fully below, both Eversheds and the Other Professionals are being paid through a series of insurance policies covering the Debtor and certain of its affiliates.

8.      The Application provided that the work done by Eversheds Sutherland was being paid out of an insurance policy (the "Initial Policy") issued by Berkshire Hathaway Specialty Insurance (the "Initial Insurer").  The Application further indicated that Eversheds anticipated that it would continue to be paid from insurance proceeds, and that it would seek payment of its fees from the bankruptcy estate only if the payments exceeded policy limits.  Retention Application, ¶¶ 9-11.

13334029.v1

9.      Shortly after the filing of the Retention Application, cumulative payments made under the Initial Policy reached the limits under that policy.  The Initial Policy was just one level of a multi-tiered insurance tower (collectively, the "Insurance"), however.  After the exhaustion of the Initial Policy, a second policy (the "Second Policy") issued by Starr Indemnity & Liability Company (the "Starr") became available for payment of Eversheds and the Other Professionals.  After the exhaustion of the Second Policy, a third policy issued by The Travelers Companies represents a subsequent tier in the insurance tower.

10.      On October 18, 2021 (the "Effective Date"), the *Modified Third Amended Combined Disclosure Statement and Chapter 11 Plan of Medley LLC* (the "Plan") became effective.  As a result, the Liquidating Trustee became the successor in interest to the Debtor as of the Effective Date.

11.      Because of the administrative expense deadlines included in the Plan, Eversheds Sutherland was forced to file the Fee Application before it could know how much it would ultimately receive in Insurance payments.  As detailed below, Eversheds Sutherland has received certain payments from Insurance in the time since filing the Fee Application, which leads to the need to provide the disclosures below and to reduce the amount requested in the Fee Application.

## II.  STATEMENT PURSUANT TO 11 U.S.C. § 329

12.      Section 329(a) of the Bankruptcy Code requires Eversheds Sutherland to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation."  11 U.S.C. § 329(a).

13.      The amount originally sought by Eversheds Sutherland in the Fee Application was $2,740,049.00 in compensation and $568,570.50 in reimbursement of expenses, for a total of $3,283,619.50.

13334029.v1

14.     On or about December 20, 2022, Eversheds Sutherland received $1,228,564.31 from Starr in connection with the Second Policy (the "Starr Payment").  That payment from Starr constitutes a payment with respect to "services rendered or to be rendered in contemplation of or in connection with the case."  11 U.S.C. § 329.

15.     Subtracting the amount of the Starr Payment from the amount initially requested in the Fee Application, Eversheds Sutherland hereby supplements the amount sought in the Fee Application to the following:  $1,511,484.69 in compensation and $568,570.50 in reimbursement of expenses, for a total of $2,080,055.19.[2]

16.     Eversheds Sutherland will supplement this statement as applicable.

### III.  INVOICES SUPPORTING FEE APPLICATION

17.     Because of the sensitivity of the relationship between Eversheds Sutherland and its clients pertaining to the Investigation, Eversheds Sutherland initially filed fully redacted copies of its fee invoices (the "Invoices") in connection with the Fee Application.  Eversheds Sutherland also filed its *Motion for an Order Authorizing It to File Certain Portions of Its Final Fee Application Under Seal* (the "Motion to Seal") (D.I. 517).

18.     Since filing the Fee Application and the Motion to Seal, Eversheds Sutherland has provided unredacted copies of its Invoices to the Office of the United State Trustee (the "US Trustee") and has engaged in discussions with the US Trustee concerning the appropriate scope of redactions due to the attorney-client privilege and related issues.  Eversheds Sutherland has also provided unredacted copies of the Invoices to the Court.

19.     As a result of those discussions with the US Trustee, on January 7, 2022, Eversheds Sutherland filed the *Notice of Filing of Revised Exhibit "F" of the Final Fee Application*

---

[2]     For avoidance of doubt, the amounts sought under the Fee Application represent the amounts sought for approval and allowance of compensation and the actual and necessary expenses during the period of March 7, 2021 through October 18, 2021 (the "Application Period").  Eversheds Sutherland may have incurred additional amounts in fees and expenses outside of the Application Period.

4

13334029.v1

*of Eversheds Sutherland (US) LLP* (D.I.  559), which provided partially redacted version of the Invoices.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 7, 2022

/s/ Mark D. Sherrill
Mark D. Sherrill
Partner
Eversheds Sutherland (US) LLP

5

13334029.v1