**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MEDLEY LLC,[1] | Case No. 21-10526 (KBO) |
| Debtor. | **Re: Docket Nos. 87, 119, 167, & 280** |

**THIRD SUPPLEMENTAL DECLARATION OF MARK D. SHERRILL IN SUPPORT OF THE DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF EVERSHEDS SUTHERLAND (US) LLP AS SPECIAL COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Mark D. Sherrill, declares as follows:

1.      I am a Partner at the firm of Eversheds Sutherland (US) LLP ("Eversheds"), which maintains offices for the practice of law at, among other places, 1001 Fannin Street, Suite 3700, Houston, TX 77002. I am an attorney at law, duly admitted in good standing to practice in the State of Texas, the Commonwealth of Virginia, the District of Columbia, and the State of Ohio.

2.      I am duly authorized to execute this supplemental declaration (the "Third Supplemental Declaration") on behalf of Eversheds.  To the extent that any information disclosed herein requires amendment or modification upon Eversheds's completion of further analysis or additional creditor information becomes available to Eversheds, a further supplemental declaration will be submitted to the Court.

3.      I am filing this Third Supplemental Declaration to supplement the disclosures that were included in my original declaration, dated April 6, 2021 (the "Original Declaration"), filed with the *Application of the Debtor for an Order Authorizing the Retention and Employment of Eversheds Sutherland (US) LLP as Special Counsel for the Debtor Effective as of the Petition Date* [Docket No. 87] (the "Application") in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and also the *Supplemental Declaration of Mark*

---

[1] The Debtor's current mailing address is c/o Medley LLC Liquidating Trust, c/o Saccullo Business Consulting, LLC, 27 Crimson King Drive, Bear, DE 19701.

*D. Sherrill in Support of the Debtor's Application for an Order Authorizing the Retention and Employment of Eversheds Sutherland (US) LLP* [Docket no. 119], dated April 26, 2021 and the *Second Supplemental Declaration of Mark D. Sherrill in Support of the Debtor's Application for an Order Authorizing the Retention and Employment of Eversheds Sutherland (US) LLP* [Docket No. 280], dated July 25, 2021.

4.     On May 17, 2021, the Court entered its *Order Granting Debtor's Application for an Order Authorizing the Retention and Employment of Eversheds Sutherland (US) LLP as Special Counsel for the Debtor Effective as of the Petition Date* [Docket No. 167] (the "Retention Order").

5.     Except as otherwise indicated herein, all facts stated in this Third Supplemental Declaration are based on my personal knowledge of Eversheds's operations and finances, information learned from my review of relevant documents, and information supplied to me by Eversheds's partners or employees.  If called upon to testify, I could and would testify on that basis.

6.      The purpose of this Third Supplemental Declaration is to correct one error and to clarify one separate statement in my Original Declaration.

7.     Paragraph 14 of the Original Declaration stated:  "During the 90-day period prior to the Debtor's bankruptcy filing, Eversheds received a total of $1,039,500.81 on account of work performed for the Debtor."  Original Declaration, ¶ 14.  That figure is incorrect.  The correct amount that Eversheds received in the 90-day period prior to the Debtor's bankruptcy filing (the "Preference Period") on account of work performed for the Debtor is $2,015,986.53**.**

8.     Upon a review of my files and records, it appears that the error documented in Paragraph 7, above, arose out of my mistaken request to Eversheds's Accounting Department.  Although the petition date in the above-captioned bankruptcy case was March 7, 2021, it appears that I inadvertently calculated the Preference Period to be December 14, 2020 through March 14, 2021.  Because I erroneously calculated the Preference Period as beginning on December 14, 2020 instead of December 7, 2020, the report that I received from our Accounting Department omitted

$976,485.72 in payments that Eversheds received on or about December 10, 2020.  Attached as Exhibit A is a true and correct copy of an e-mail dated March 23, 2021, in which I erroneously requested that a legal secretary coordinate with our Accounting Department to obtain data for payments received in the December 14, 2020 to March 14, 2021 period.

9.      In addition, the Original Declaration stated:  "In the prepetition period, Eversheds was compensated for its work within the Scope of Services by two insurers.  Initially, Eversheds was paid by Berkshire Hathaway pursuant to a policy issued to Medley Management Inc., an affiliate of the Debtor.  More recently, Eversheds has been paid by Starr Indemnity & Liability Company…." Original Declaration, ¶ 9.

10.     Although the Original Declaration does not explicitly state that the payments were being made directly by insurers to Eversheds, it may be interpreted in that way.  At the time of the Original Declaration, I believed that Eversheds was receiving some or all of its payments related to work for the Debtor directly from the Debtor's insurers.  I reached that belief based on communications with Eversheds partners and/or administrative staff who then believed that to be the case, who informed me that Eversheds's invoices are forwarded to the insurers.

11.     In the post-petition period, Eversheds did receive payments directly from the Debtor's insurers.  In the prepetition period, however, it has come to my attention through communications with counsel for the Liquidating Trust that some payments that were covered by the applicable insurance policies were made by the Debtor.  To the best of my current understanding, upon satisfaction of the Debtor's self-insured retention, such payments by the Debtor were made either after receipt by the Debtor of insurance proceeds directed to payment of Eversheds statements or just prior to anticipated receipt of such insurance proceeds.  In either case, I understand that the insurance proceeds were earmarked for payment of, or as reimbursement for payment of, the firm's invoices.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 23, 2023

/s/ Mark D. Sherrill
Mark D. Sherrill
Partner
Eversheds Sutherland (US) LLP

14003423/1